UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY NORMAN KING, an individual,<br><br>           Plaintiff,<br><br>      v.<br><br>AMAZON.COM, INC. a Washington Corporation; and DOES 1-100, inclusive,<br><br>           Defendant. | Case No. 1:25-CV-01050-JLT-HBK<br><br>APPROVED STIPULATED PROTECTIVE ORDER<br><br>(DOC. NO. 28) |

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with Civil Local Rule 141.1. It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file

1  confidential information under seal. Civil Local Rule 141 sets forth the procedures that must be
2  followed and the standards that will be applied when a party seeks permission from the court to file
3  material under seal.

4  2.     "CONFIDENTIAL" MATERIAL

5  "Confidential" material shall include the following documents and tangible things
6  produced or otherwise exchanged:

- personally identifiable information (PII);
- plaintiff's medical records;
- taxes and other financial records;
- accounting or financial statements (not including publicly available financial statements);
- trade secrets;
- non-public information regarding Amazon's insurance structure;
- non-public information regarding profits or revenues from the sale of the product at issue;
- information about existing and potential customers, including customer lists;
- marketing studies and projections regarding sales of the product at issue;
- business strategies, decisions, or negotiations;
- compensation, evaluations, and employment information;
- proprietary information about affiliates, parents, subsidiaries, and third parties with whom the parties have or have had business relationships; and

Each of the above categories of documents includes documents of a sensitive and confidential nature that would not otherwise be disclosed to the public. Information regarding PII, medical records, tax records, and other financial records is the type of information that an individual would keep in strict confidence to protect him or herself from various identity theft or financial crimes. The remaining categories of information, including customer information, marketing and business strategy information, employee records, and proprietary information

1  regarding related entities, could provide a commercial advantage to a competitor if disclosed to
2  the public.

3  3. SCOPE

4  The protections conferred by this agreement cover not only confidential material (as
5  defined above), but also (1) any information copied or extracted from confidential material; (2) all
6  copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,
7  conversations, or presentations by parties or their counsel that might reveal confidential material.

8  However, the protections conferred by this agreement do not cover information that is in
9  the public domain or becomes part of the public domain through trial or otherwise. Any use of
10 Protected Material at trial shall be governed by a separate agreement or order pursuant to Civil
11 Local Rule 141.1(b)(2).

12 4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

13 4.1 Basic Principles. A receiving party may use confidential material that is
14 disclosed or produced by another party or by a non-party in connection with this case only for
15 prosecuting, defending, or attempting to settle this litigation. Confidential material may be
16 disclosed only to the categories of persons and under the conditions described in this agreement.
17 Confidential material must be stored and maintained by a receiving party at a location and in a
18 secure manner that ensures that access is limited to the persons authorized under this agreement.

19 4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
20 ordered by the court or permitted in writing by the designating party, a receiving party may disclose
21 any confidential material only to:

22 (a) the receiving party's counsel of record in this action, as well as
23 employees of counsel to whom it is reasonably necessary to disclose the information for this
24 litigation;

25 (b) the officers, directors, employees (including in-house counsel), and
26 insurers of the receiving party to whom disclosure is reasonably necessary for this litigation, unless
27 the parties agree that a particular document or material produced is for Attorney's Eyes Only and

Baker & Hostetler LLP
Attorneys at Law
Costa Mesa

is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3   Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Civil Local Rule 251(b) to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

requirements of Civil Local Rule 141 even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

    (a)     <u>Information in documentary form</u>: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word(s) "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly

identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word(s) "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement. No liability shall attach to any party's use or disclosure of such information from the time of receipt until the party properly designates it as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

///

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Civil Local Rule 251 (and in compliance with Civil Local Rule 141, if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the

designating party whose confidential material may be affected.

8. <u>USE OF ARTIFICIAL INTELLIGENCE</u>

    8.1    <u>Prohibited Uses</u>.  Except as specified under Section 8.2, no Party, attorney, expert, consultant, or other person subject to this Order shall input, upload, or otherwise disclose any Confidential Information into any open, publicly-accessible artificial intelligence (AI) program or platform, including ChatGPT, Google Gemini, or any other AI tool that retains, learns from, or otherwise uses user-inputted data to train or improve its models.

    8.2    <u>Permitted Uses</u>.  Use of closed, non-public, enterprise-grade AI programs or platforms (e.g., Microsoft Azure-hosted OpenAI models or similar platforms) may be permitted only if:

    (a)    The program or platform is configured to not retain or learn from user inputs;

    (b)    The program or platform is isolated from public access and used solely for the purposes of the Litigation; and,

    (c)    The Party using such program or platform has conducted reasonable due diligence to ensure the compliance of the program or platform with the confidentiality requirements of this Order, including confirmation that information uploaded to the program or platform can be deleted at the upon termination of the Litigation.

    8.3    <u>Deletion of Confidential Information from Permitted AI Platforms</u>.  Within 90 days after the termination of the Litigation (including all appeals), each receiving party shall certify in writing that all Confidential Information has been deleted from any AI programs or platforms used during the Litigation.

///

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c)

1  inform the person or persons to whom unauthorized disclosures were made of all the terms of this
2  agreement, and (d) request that such person or persons execute the "Acknowledgment and
3  Agreement to Be Bound" that is attached hereto as Exhibit A.

4  10.  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED**
5  **MATERIAL**

6  When a producing party gives notice to receiving parties that certain inadvertently
7  produced material is subject to a claim of privilege or other protection, the obligations of the
8  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision
9  is not intended to modify whatever procedure may be established in an e-discovery order or
10 agreement that provides for production without prior privilege review. The parties agree to the
11 entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

12 11.  **DISCLOSURE TO COMPETITORS**

13 Before disclosing confidential information to any authorized person who is a competitor
14 (or an employee of a competitor) of the designating party, the party wishing to make such
15 disclosure shall give at least fourteen days' notice in writing to the designating party, stating the
16 names and addresses of the person(s) to whom the disclosure will be made, and identifying with
17 particularity the documents to be disclosed. If, within the 14-day period, a motion is filed objecting
18 to the proposed disclosure, disclosure is not authorized until the court orders otherwise. For
19 purposes of this order, "competitor" means any person or entity that operates any online or physical
20 marketplace or retail business with more than 1,000 employees.

21 12.  **NON TERMINATION AND RETURN OF DOCUMENTS**

22 Upon the express request of the producing party, within 60 days after the termination of
23 this action, including all appeals, each receiving party must destroy all confidential material to the
24 producing party, including all copies, extracts and summaries thereof.

25 Notwithstanding this provision, counsel are entitled to retain one archival copy of all
26 documents filed with the court, trial, deposition, and hearing transcripts, correspondence,
27 deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work
28

1  product, even if such materials contain confidential material.

2  The confidentiality obligations imposed by this agreement shall remain in effect until a

3  designating party agrees otherwise in writing or a court orders otherwise.

4  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

6  DATED:  December 12, 2025

7
 *s/ Adam J. Kress*                                                    *s/ Kristen H. Luck*
  Jordon R. Harlan, Esq. (CA #273978)          Joseph L. Chairez (State Bar No. 98698)
8 **HARLAN HILLIER DIGIACCO LLP**          jchairez@bakerlaw.com
  701 Island Avenue, Second Floor                  Shaia A. Stambuk (State Bar No. 329240)
9 San Diego, CA 92101                                     sstambuk@bakerlaw.com
  Telephone: (619) 330-5120                           **BAKER & HOSTETLER LLP**
10 Fax: (619) 839-3895                                     600 Anton Blvd., Suite 900
   Email: jordon@hhdlaw.com                        Costa Mesa, CA  92626-7221
11                                                                         Telephone: (714) 754-6600
   Adam J. Kress, Esq. (*Pro Hac Vice*)          Facsimile: (714)754-6611
12 Anna R. Rick, Esq. (*Pro Hac Vice*)
   **JOHNSON BECKER, PLLC**                       James E. Phillips (admitted pro hac vice)
13 444 Cedar Street, Suite 1800                       Kristen H. Luck (admitted *pro hac vice*)
   St. Paul, MN 55101                                         Ayanna J. Brown (admitted *pro hac vice*)
14 Telephone: (612) 436-1800                          **BAKER & HOSTETLER LLP**
   Fax: (612) 436-1801                                       811 Main Street, Suite 1100
15 Email: akress@johnsonbecker.com         Houston, TX 77002
   arick@johnsonbecker.com                         Tel: (713) 751-1600
16                                                                         Fax: (713) 751-1717
                                                                             Emails: jphillips@bakerlaw.com
17  *Attorneys for Plaintiff*                                         kluck@bakerlaw.com
                                                                                      ajbrown@bakerlaw.com
18
                                                                             *Attorneys for Defendant Amazon.com, Inc.*

1  PURSUANT TO STIPULATION, IT IS SO ORDERED

2  IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of
3 any documents, electronically stored information (ESI) or information, whether inadvertent or
4 otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or
5 state proceeding, constitute a waiver by the producing party of any privilege applicable to those
6 documents, including the attorney-client privilege, attorney work-product protection, or any other
7 privilege or protection recognized by law. This Order shall be interpreted to provide the maximum
8 protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.
9 Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of
10 documents, ESI or information (including metadata) for relevance, responsiveness and/or
11 segregation of privileged and/or protected information before production.  Information produced in
12 discovery that is protected as privileged or work product shall be immediately returned to the
13 producing party.

15 Dated: December 15, 2025

    _____
16  HELENA M. BARCH-KUCHTA
    UNITED STATES MAGISTRATE JUDGE

- 11 -
APPROVED STIPULATED PROTECTIVE ORDER
CASE NO. 1:25-CV-01050-JLT-HBK

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *King v. Amazon.com, Inc.*, Case No. 1:25-CV-01050-JLT-HBK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____